UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-40173-RWZ

In re: MARK D. SHIELDS and LYNETTE M. SHIELDS

\*\*\*\*\*

RBOC, INC.,
as assignee of ROY BROS. OIL CO. INC.
*Plaintiff-Appellant*

v.

MARK and LYNN SHIELDS
*Defendants-Appellees*

Memorandum of Decision
June 21, 2012

ZOBEL, D.J.

Appellant, RBOC, INC. ("RBOC"), a family-owned petroleum business, appeals a July 21, 2011, bankruptcy court order sanctioning it in the amount of $10,000 for misusing the process of the bankruptcy court to advance a matter pending in the Worcester Superior Court.

**I. BACKGROUND**

At some point prior to 2010, RBOC sold gasoline and petroleum products to Outdoor Endeavors Inc. ("OE Inc."). Mark Shields ("Shields"), one of the appellees, had an ownership interest in assets of OE Inc., and he had guaranteed payment of the debt to

RBOC. The debt was not repaid, and appellant obtained a judgment against OE Inc. in the amount of $161,997 in the Worcester Superior Court in May 2009 (the "Worcester Action"). On March 26, 2010, appellees (Shields and his wife Lynn) filed a voluntary petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. §§ 101, et seq. In November 2009, approximately four months before filing for bankruptcy, appellees conveyed all of the assets of OE Inc. to corporations controlled and managed by Mrs. Shields' parents, John and Beverly Row (the "Rowe Entities").

The Worcester Action was originally brought against both OE Inc. and Shields. Shortly after the transfers, RBOC sought to amend the complaint to include the Rowe Entities as defendants and to bring additional claims for fraudulent conveyance and alter ego liability. The Worcester court denied RBOC's motion to amend and held that the matter could not proceed without an order from the bankruptcy court lifting the automatic stay as Shields was an indispensable party to the action. On motion of RBOC in July 2010, the bankruptcy court granted relief from the automatic stay and allowed appellant to conduct the discovery it sought in the Worcester Action. After the bankruptcy court clarified the scope of its order in October 2010, RBOC was able to proceed with the Worcester Action. Meanwhile, in September 2010, RBOC also filed an adversary proceeding objecting to the discharge of appellee's debt in bankruptcy under 11 U.S.C. §§ 727(a)(2)(A) and (c). It then continued to litigate both cases in parallel.

In May 2011, RBOC moved the bankruptcy court for voluntary dismissal of the adversary proceeding, stating that the discovery conducted in the Worcester Action "confirms the adequacy of the remedy in the Worcester Superior Court." R. Ex. 24, at 3.

Appellees did not oppose RBOC's motion but requested an award of attorney fees and costs.  R. Ex. 25.

At the hearing on RBOC's motion to dismiss, the bankruptcy court allowed the motion but ordered RBOC to pay appellees' legal fees in the amount of $10,000, and, addressing RBOC, explained:

> this adversary proceeding really wasn't filed with the intention of trying to bar the debtor's discharge so much as it was a strategy to collect the debt which you were pursuing in the Worcester Superior Court and for some reason weren't happy with the way it was going, or perhaps felt that by adding another front in the battle, you would advance your client's goal of collecting the money; and I don't find that is an appropriate use of this Court or of the purpose to which 727 exists. R. Ex. 27.

It is from this award of attorney fees and costs that RBOC has appealed.

## II. ANALYSIS

Appellant objects to the award of attorney fees and costs on four principal grounds: (1) the bankruptcy court exceeded its authority by relying on its inherent authority and by issuing a sanction in the context of an adversary proceeding; (2) even if the bankruptcy court did have such power, here it abused its discretion because (a) appellant had no choice but to bring the bankruptcy action, and (b) appellant's disagreement with the court over the scope and applicability of 727(a)(2)(A) merely amounts to a bona fide legal argument and is not a proper basis for sanctions; (3) allowing sanctions in this situation would have a chilling effect on the rights of creditors pursuing their remedies; and (4) sanctions should not be awarded to a party with potentially unclean hands.

**A.**

Appellant argues, with no exposition, that bankruptcy courts lack the inherent authority to sanction parties by awarding attorney's fees that was defined by the Supreme Court in Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) ("a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons... imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'") The First Circuit has not squarely addressed the confines of Chambers in the Article I context. Other circuits that have done so hold that such inherent power is equally available to bankruptcy courts, citing 11 U.S.C. § 105 (which provides "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").[1] However, the First Circuit has interpreted § 105(a) more narrowly, in In re Nosek, 544 F.3d 34, 44 (1st Cir. 2008). There, the court noted Section 105(a) is not "'a roving commission to do equity'" and cautioned that it can be

---

[1] In re Clark, 223 F.3d 859, 864-65 (8th Cir. 2000)("Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel."); In re Volpert, 110 F.3d 494, 501 (7th Cir. 1997) ("[W]e believe that to not allow a bankruptcy court to impose attorney's fees as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems."); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996) ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court... Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that Chambers recognized exists within Article III courts"); Jones v. Bank of Santa Fe (In re Courtesy Inns. Ltd. Inc.), 40 F.3d 1084, 1089 (10th Cir. 1994) ("We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in Chambers... The power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes.").

used to enforce "specific code provision[s]," it stated "despite its broad language, we have recognized important limitations on a court's § 105(a) authority... The essence of the boundary of § 105(a) equity power is that the provision cannot provide the basis for requested relief that would either (1) create a new substantive right or (2) conflict with another provision of the Bankruptcy Code... § 105(a) has been referred to as a 'catch-all' provision, effectively filling gaps in the bankruptcy code in order to 'preserv[e] the integrity of the bankruptcy system.'" Id. (internal citations omitted).[2]

In any event, the bankruptcy court relied not only on Chambers. At the July 2011 hearing, the court confirmed with appellant that the sole basis for its adversary complaint was § 727(a)(2)(A). (R. Ex. 27, at 134-135) and then directed appellant to "show me in your complaint where you allege that the debtor here – the debtor is Mr. and Mrs. Shields – transferred property of the debtor within one year before the filing." Id. Appellant was unable to do so. The court then found that the "complaint doesn't allege or even come close to alleging any facts that flow within 727(a)(2)(A)." When the court determines that a "petition, pleading, written motion, or other paper" was filed "for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," 11 U.S.C. § 9011 of the Bankruptcy Code authorizes sanctions.

---

[2] Several lower courts in this circuit have answered the inherent authority question in the affirmative. See In re Sunshine Three Real Estate Corp., 09-17821-JNF, 2010 WL 1541428 (Bankr. D. Mass. Apr. 15, 2010) (reviewing cases and determining bankruptcy court has the power to sanction the debtor, parties to the adversary proceeding and the debtor's attorney pursuant to (1) Fed. R. Bankr.P. 9011;4 (2) its inherent power; and (3) 28 U.S.C. § 1927); Sheridan v. Michels, 282 B.R. 79, 86 (B.A.P. 1st Cir. 2002) ("As a federal court, a bankruptcy court has the inherent power to sanction, by suspension or disbarment, any attorney who appears before it."), vacated and remanded on other grounds sub nom. In re Sheridan, 362 F.3d 96 (1st Cir. 2004).

**B.**

The question remains whether the standard for levying such sanctions was met. "Bankruptcy Rule 9011, like Fed.R.Civ.P. 11, emphasizes responsible behavior on the part of litigators... Such rules require an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system.... Such decisions are reviewable only for abuse of discretion." In re D.C. Sullivan Co., Inc., 843 F.2d 596, 598-99 (1st Cir. 1988) (also noting "Rule 11 jurisprudence is largely transferable to Rule 9011 cases"). "Abuse of discretion occurs when the court ignores a material factor deserving significant weight, relies upon an improper factor, or makes a serious mistake in weighing proper factors." In re CK Liquidation Corp., 321 B.R. 355, 361 (B.A.P. 1st Cir. 2005). To support a finding that a complaint was frivolous, "some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual must, at the very least, be culpably careless to commit a violation." Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006) "A Rule 11 sanction does not require a full hearing in every case ... [the] procedural format should depend on the circumstances of the situation... However, a judge's decision to impose Rule 11 sanctions must comport with due process requirements, and the determination of what process is due is, in part, a function of the type and severity of the sanction." Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1238 (1st Cir. 1991).

Here, appellees sought sanctions in their response to appellant's motion to voluntarily dismiss the adversary complaint in the amount of attorney fees and costs,

the court scheduled a hearing on the motion, at the hearing the court provided appellant an opportunity to explain the basis for its motion, and indicated to appellant on the record his intent to award appellees their legal fees and costs. The adversary complaint also had the effect of delaying appellees' bankruptcy action for approximately eight months.

Although appellant now argues that its complaint, based on §727(a)(2)(A) of the bankruptcy code, was not frivolous, it has yet to explain to this court or the bankruptcy court the legal basis for its position.  It neither briefed the issue nor justified its position at the hearing. Section 727(a)(2)(A) on its face applies only to "property of the debtors" and not assets controlled by other entities. See In re Watman, 301 F.3d 3, 7 (1st Cir. 2002) ("in order for a debtor to be denied a discharge under § 727(a)(2), an objector must show by a preponderance of the evidence that (1) the debtor transferred, removed, destroyed, mutilated, or concealed (2) his or her property (or the property of the estate if the transfer occurs post-petition) (3) within one year of the petition filing date (for prepetition transfers) (4) with intent to hinder, delay or defraud a creditor.").

Appellant defends the filing of the adversary proceeding as necessary because it was given the "stark choice" by the Worcester court of either (1) seeking relief of the automatic stay from the bankruptcy court; (2) filing an interlocutory appeal of the Worcester court decision that Shields was an indispensable party; or (3) abandoning its fraudulent conveyance claims and efforts to collect the debt. But seeking relief of the automatic stay did not compel appellant to file the adversary proceeding, and it was the adversary proceeding and not seeking relief of the automatic stay that the bankruptcy

court found sanctionable. Once the court granted the relief of stay, appellant was free to proceed in the Worcester Action directly against the entities charged with engaging in the allegedly nefarious transfers.  The purported reasons for filing a complaint of dubious merit in the bankruptcy court had lost all semblance of propriety.

Appellant has a forum to pursue the remedy it sought, the Worcester court, indeed a forum which, it concedes, is and was the superior forum for adjudicating its claims, thus militating against any "chilling effect" on creditors' rights.

Whether appellees have "unclean hands" is a matter to be determined in the Worcester Action and is unrelated to the adversary proceeding.  Further, that the bankruptcy court found appellant's conduct in bringing a frivolous complaint sanctionable is not excused because appellee "potentially" has unclean hands.

In conclusion, the bankruptcy court did not abuse its discretion in sanctioning appellant, and the sanctions were reasonable.

## III.  CONCLUSION

The July 21, 2011, order of the bankruptcy court awarding attorneys' fees to appellees is AFFIRMED.


   June 21, 2012                                                         /s/Rya W. Zobel      

        DATE                                                          RYA W. ZOBEL
                                                                  UNITED STATES DISTRICT JUDGE